UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK LEON JOHNSON,

    Petitioner,

v.                                                  CASE NO: 8:08-cv-339-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). Respondent filed a motion to dismiss the action as time-barred. (Dkt. #11). The Court has reviewed the petition, the motion to dismiss, and Petitioner's response (Dkt. #14). Upon review, the Court determines that the motion to dismiss must be granted because Petitioner's claims are time-barred.

## BACKGROUND

Petitioner entered a plea of Nolo Contendere to one count of Burglary of a Dwelling and one count of Grand Theft. Petitioner was sentenced pursuant to his plea agreement on April 5, 2004, as a Prison Releasee Reoffender to 15 years Florida State Prison on count one, and to 5 years Florida State Prison on count two, to be served concurrently. Petitioner timely

filed a motion for postconviction relief on March 21, 2005 and filed an amendment on April 8, 2005. This motion, however, was dismissed on December 9, 2005, because Petitioner failed to include an oath with his signature as required by Florida Rule of Criminal Procedure 3.850. On December 23, 2005, Petitioner filed a new motion for postconviction relief. After reviewing the motion, the trial court denied the motion on January 23, 2007. Petitioner filed a motion for rehearing on February 12, 2007, which was denied on March 23, 2007. On May 4, 2007, Petitioner filed an appeal to the State District Court of Appeal, which affirmed the decision on January 9, 2008, per curiam without written opinion. Johnson v. State, 974 So. 2d 394 (Fla. 2d DCA 2008).

Petitioner filed the present petition on February 19, 2008. Respondent timely filed a motion to dismiss the petition as time-barred on July 30, 2008, and Petitioner timely filed a response on August 18, 2008.

## **DISCUSSION**

Petitions for writs of habeas corpus are strictly limited to a twelve (12) month period which begins when the conviction becomes final. 28 U.S.C. § 2244(d)(1). Petitioner claims that this action is not time-barred because his original postconviction motion was filed within the one-year limit, tolling the statutory limitation long enough to make the present motion timely. This is incorrect.

Petitioner relies on 28 U.S.C. § 2244(d)(2) which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." The Supreme Court has held that an application is only properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The State of Florida determined that the post-conviction motion was not properly filed because it lacked a necessary oath. This Court follows Eleventh Circuit precedent by giving deference to the state in its determination that Petitioner's motion was not properly filed. See Webster v. Moore, 199 F.3d 1256, 1258 (11th Cir. Fla. 2000).

Petitioner's ability to bring the present action, then, terminated on May 5, 2005, one year after his time for direct appeal ended. Jimenez v. Quarterman, 129 S. Court. 681, 685 (2009).

It is therefore ORDERED AND ADJUDGED that:

1. The Respondent's motion to dismiss (Dkt. #11) is GRANTED.

2. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

3. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2008\08-cv-339.order 2254.wpd